Jeffrey J. Gonda, WSB 5-1593
David C. Smith, WSB 6-3354
LONABAUGH AND RIGGS, LLP
P.O. Drawer 5059
Sheridan, WY 82801
(307) 672-7444 - Telephone
(307) 672-2230 – Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEPHEN C. FOWLER,<br><br>Plaintiff,<br><br>v.<br><br>COLLECTION PROFESSIONALS, INC.<br>et al.,<br>Defendants. | Case No.  11-CV-73J |

### PROVIDER DEFENDANTS' ANSWER TO AMENDED COMPLAINT

COME NOW, Northern Wyoming Surgical Center, L.L.C., Powell Valley Health Care, Inc., Big Horn Basin Orthopaedic Clinic, P.C., and Leonard Moore, D.D.S., P.C. (the "Provider Defendants"), by and through their undersigned attorneys, and for their answer to the Plaintiff's Amended Complaint state and allege as follows:

Provider Defendants deny each and every allegation contained in the Amended Complaint, except as expressly admitted herein.

1. As this matter has been removed to Wyoming Federal District Court, an answer to this paragraph is not necessary. However, Provider Defendants do admit that venue and jurisdiction are proper in the United States District Court for the District of Wyoming.

2. The allegations of paragraph 2 of Plaintiff's Complaint are admitted. However, it is affirmatively alleged that Powell Valley Health Care, Inc. is statutorily protected and immune from said claim, as well as from all the allegations of this Amended Complaint.

3. Denied.

4. Provider Defendants lack sufficient knowledge with which to admit or deny the allegations of this paragraph of Plaintiff's Amended Complaint. Therefore, the same are denied pending further discovery in this matter.

5. Upon information and belief the allegations of paragraph 5 are admitted. However, it is affirmatively alleged that the Provider Defendants were not involved in any way with the filing of the alleged medical lien, knew nothing about it, did not authorize its filing, and are not in any way liable or responsible for this lien.

6. The allegations of paragraph 6 of Plaintiff's Amended Complaint call for a legal conclusion and, therefore, no answer is necessary. To the extent that an answer is required, the Provider Defendants are without sufficient information or belief to admit or deny the allegations in paragraph 6 and, therefore, are denied.

7. With regard to the allegation that the medical lien was "unlawful," please see our answer to paragraph 6, above. It is admitted that the alleged medical lien was filed by CPI.

8. With regard to the allegation that the alleged medical lien was "unlawful," please see our answer to paragraph 6, above. Responding to the remainder of paragraph 8, the Provider Defendants simply state that the document "speaks for itself," and no further answer is necessary. However, the Provider Defendants also affirmatively state that at no time was CPI ever acting as their agent, and CPI did not have express, implied or apparent authority to act as agent for the Provider Defendants.

9. With regard to the allegation that the medical lien was "unlawful," please see our answer to the allegation of paragraph 6, above. In answer to the remaining allegations of paragraph 9, the Provider Defendants state that the document "speaks for itself," and no further answer is necessary.

10. With regard to the allegation that the medical lien was "unlawful," please see our answer to the allegation of paragraph 6, above. In answer to the remaining allegations of paragraph 10, the Provider Defendants state that the document "speaks for itself," and no further answer is necessary.

11. With regard to the allegation that the medical lien was "unlawful," please see our answer to the allegation of paragraph 6, above. In answer to the remaining allegations of paragraph 11, the Provider Defendants state that the document "speaks for itself," and no further answer is necessary.

12. In answer to the allegation that the medical lien was "unlawful," please see our answer to paragraph 6, above. With regard to the remaining allegations of paragraph 12, The Provider Defendants state that the document "speaks for itself," and no further answer is necessary.

13. Provider Defendants lack sufficient information with which to admit or deny said allegations and, therefore, the same are denied pending further discovery in this matter.

14. Provider Defendants lack sufficient information with which to admit or deny said allegations and, therefore, the same are denied pending further discovery in this matter.

15. Denied.

16. The Provider Defendants restate and incorporate herein by reference their answers to paragraphs 1 through 12 of the Plaintiff's Amended Complaint as if fully set forth herein.

17 - 23. The allegations of paragraphs 17 through 23 of the Plaintiff's Amended Complaint are not made or intended to be made against the Provider Defendants and, therefore, no answer is made thereto. If these allegations are intended to be made against the Provider Defendants either directly or by innuendo, the same are denied.

24. Denied.

25. Denied.

26 - 28. The allegations of paragraphs 26 - 28 call for legal conclusions and, therefore, no answer is necessary. To the extent that an answer is required, the Provider Defendants are without sufficient information or belief to admit or deny the same, so they are, therefore, denied.

29. The Provider Defendants restate and incorporate herein by reference their answers to paragraphs 1 through 27 of the Plaintiff's Amended Complaint as if fully set forth herein.

30. Denied.

31. The Provider Defendants restate and incorporate by reference their answers to paragraphs 1 through 27 as if fully set forth herein.

32. Denied.

33. The Provider Defendants restate and incorporate by reference their answers to paragraphs 1 through 27, above, as if fully set forth herein.

34. Denied.

35. The Provider Defendants restate and incorporate by reference their answers to paragraphs 1 through 27, above, as if fully set forth herein.

36. Denied.

37. The Provider Defendants restate and incorporate by reference their answers to paragraphs 1 through 27, above, as if fully set forth herein.

38. Denied.

39. The allegations of paragraph 39 do not appear to be made against the Provider Defendants and, therefore, no answer is made to the same. However, if these allegations are intended to be made against the Provider Defendants, either directly or by innuendo, the same are denied.

40 - 43. Denied.

44. The Provider Defendants restate and incorporate by reference their answers to paragraphs 1-15, above, as if fully set forth herein.

45 - 47. Denied.

48. The Provider Defendants restate and incorporate by reference their answers to paragraphs 1-15, above, as if fully set forth herein.

49. In answer to the allegation of paragraph 49, the Provider Defendants state that the document "speaks for itself." Furthermore, the allegation of paragraph 49 calls for a legal conclusion and, therefore, no answer is necessary. To the extent an answer is required, the

Provider Defendants are without sufficient information and belief to admit or deny the same, so it is, therefore, denied.

50. The Provider Defendants admit that a lien was filed, (and then released), by CPI. The allegations as worded therein are denied for lack of sufficient knowledge or information.

51. Denied.

52. Denied.

53. The Provider Defendants restate and incorporate by reference their answers to paragraphs 1 through 15, above, as if fully set forth herein.

54. Denied.

55. Denied.

56. The Provider Defendants restate and incorporate by reference their answers to paragraphs 1 through 15, above, as if fully set forth herein.

57 - 59. Denied.

## AFFIRMATIVE DEFENSES

For their affirmative defenses the Provider Defendants state and allege the following:

A. The Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

B. The Amended Complaint is, in whole or in part, barred by the doctrines of laches, waiver, and/or estoppel.

C. Some or all of the Plaintiff's claims are barred by the applicable statutes of limitations.

D. Provider Defendant Powell Valley Health Care, Inc. is immune from suit pursuant to the provisions of the Wyoming Governmental Claims Act and, therefore, as to Powell Valley Health Care, Inc., this action should be dismissed.

  E. The filing of this litigation by Plaintiff and Plaintiff's counsel against the Provider Defendants has been done in bad faith and for the purpose of harassment, contrary to the letter and spirit of 15 U.S.C.A., § 1692 et. seq., and, therefore, Provider Defendants are entitled to an award of attorneys' fees and costs against the Plaintiff and Plaintiff's counsel, pursuant to the provisions of 15 U.S.C.A., § 1692 (k).

  F. Plaintiff sustained no cognizable injury or damages.

  G. In the event that it is determined that any claimed injury of the Plaintiff is found to be attributable to the alleged negligence, breach or other fault of the Provider Defendants, such fault must be compared and apportioned with the negligence or other fault of the Plaintiff and third parties and the Provider Defendants are entitled to a declaration apportioning the liability, if any, with respect to the Plaintiff herein and with respect to the fault of third parties, and the liability, if any, of the Provider Defendants should be reduced or barred under such apportionment.

  H. Provider Defendants deny that Plaintiff was injured or damaged as alleged in the Amended Complaint.

  I. This case arises out of the solicitation of Basin Law Group, LLC, and, therefore, an award of attorney fees to the Plaintiff should be barred.

  J. Pending further discovery, the Provider Defendants reserve any other defenses or objections that are available to them.

  WHEREFORE, Provider Defendants pray that the Plaintiff take nothing by way of the Amended Complaint, that judgment be entered for the Provider Defendants, that the Provider Defendants be awarded their costs incurred in this action, their attorneys' fees, along with such other and further relief as the Court deems just and equitable.

DATED this 3rd day of March, 2011.

**LONABAUGH AND RIGGS, LLP**

By: /s/ David C. Smith
Jeffrey J. Gonda - WSB # 5-1593
David C. Smith, WSB #6-3354
Attorneys for Provider Defendants
P.O. Drawer 5059
Sheridan, WY 82801
(307) 672-7444
Facsimile: (307) 672-2230

**CERTIFICATE OF SERVICE**

I, David C. Smith, hereby certify that a true and exact copy of the within and foregoing document was served on all parties of record via the District of Wyoming ECF, on this 3rd day March, 2011.

/s/ David C. Smith
David C. Smith