DEBORAH FORD MINCER
WSB 6-2896
823 Randall Avenue
P.O. Box 2157
Cheyenne, Wyoming 82003-2157
307/635-3038
Fax: 307/635-3578

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

STEPHEN C. FOWLER,
        Plaintiff,

v.                                                                        Docket No. 11 CV 073J

COLLECTION PROFESSIONALS, INC.,
A Wyoming Corporation,
BRADLEY G. TAYLOR,
DENNIS R. LAWRENCE,
BRENDA K. NEIHART,
NORTHERN WYOMING SURGICAL CENTER,
POWELL VALLEY HEALTHCARE DBA
POWELL VALLEY HOSPITAL AND/OR
POWELL VALLEY CLINIC,
BIG HORN BASIN ORTHOPEDIC,
DR. LEONARD MOORE, DDS
JOHN DOE I through V, as employees of
Collection Professionals, Inc.,
JOHN DOE VI through X, as shareholders for
Collection Professionals, Inc.,
JOHN DOE XI through XV, as officers or directors of
Collection Professionals, Inc.,
JOHN DOE XVI through XX, as attorneys for
Collection Professionals, Inc.,

        Defendants.

---

ANSWER OF COLLECTION PROFESSIONALS, INC.,
BRADLEY G. TAYLOR, DENNIS R. LAWRENCE AND BRENDA K. NEIHART
TO AMENDED COMPLAINT

---

Collection Professionals, Inc., Bradley G. Taylor, Dennis R. Lawrence, and Brenda K. Neihart (collectively "CPI Defendants") hereby answer the Plaintiff's amended complaint as follows:

1. CPI Defendants admit that this Court has jurisdiction for the claims made pursuant to the Fair Debt Collection Practices Act, 15 USC § 1692, et seq. and supplemental jurisdiction for the state law claims. As to the remaining allegations of Paragraph 1, denied.

2. This allegation addresses the respondents who are government entities and, therefore, no response of the CPI Defendants is required.

3. This allegation addresses the respondents who are government entities and, therefore, no response of the CPI Defendants is required.

4. The CPI Defendants lack knowledge or information sufficient to form a belief about the truth of this averment.

5. With respect to the date, denied. As to the remainder of the allegations of Paragraph 5, admitted.

6. This is Plaintiff's conclusion of law and, therefore, no response is required.

7. Admitted that the medical lien on its face indicates that it was filed by Collection Professionals, Inc. As to the remaining allegations of Paragraph 7, denied.

8. CPI Defendants admit that the document speaks for itself and CPI filed the medical lien. As to the remaining allegations of Paragraph 8, denied.

9. CPI Defendants admit that the document speaks for itself. As to the remaining allegations of Paragraph 9, denied.

10. CPI Defendants admit that the document speaks for itself. As to the remaining allegations of Paragraph 10, denied.

11. Admitted that the medical lien was acknowledged by Brenda K. Neihart in the presence of a notary. As to the remaining allegations of Paragraph 11, denied.

12. Denied.

13. Upon information and belief as of this time, denied.

14. Admitted that the filing of the medical lien was an attempt to collect a debt. With respect to the remaining allegations of Paragraph 14, denied.

15. Denied.

16. CPI Defendants hereby restate paragraphs 1 through 12 as if fully set forth herein.

17. Denied.

18. Admitted that Dennis R. Lawrence is an officer and/or director of CPI. As to the remaining allegations of Paragraph 18, denied.

19. Admitted that Brenda K. Neihart is an employee of CPI. As to the remaining allegations of Paragraph 19, denied.

20. Admitted.

21. Defendant CPI is without knowledge or information sufficient to form a belief about the truth of this allegation.

22. Admitted.

23. With respect to CPI's resident manager, employees, and attorneys, admitted. With respect to CPI's shareholders, officers and directors, denied.

24. Denied.

25. Denied.

26. Admitted.

27. Admitted.

28. Denied.

29. CPI Defendants hereby restate paragraphs 1 through 27 as if fully set forth herein.

30. Denied.

31. CPI Defendants hereby restate paragraphs 1 through 27 as if fully set forth herein.

32. Denied.

33. CPI Defendants hereby restate paragraphs 1 through 27 as if fully set forth herein.

34. Denied.

35. CPI Defendants hereby restate paragraphs 1 through 27 as if fully set forth herein.

36. Denied.

37. CPI Defendants hereby restate paragraphs 1 through 27 as if fully set forth herein.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. CPI Defendants hereby restate paragraphs 1 through 15 as if fully set forth herein.

45. Denied.

46. Denied.

47. Denied.

48. CPI Defendants hereby restate paragraphs 1 through 15 as if fully set forth herein.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. CPI Defendants hereby restate paragraphs 1 through 15 as if fully set forth herein.

54. Denied.

55. Denied.

56. CPI Defendants hereby restate paragraphs 1 through 15 as if fully set forth herein.

57. Denied.

58. Denied.

59. Denied.

60. Except as so admitted, CPI Defendants deny each and every allegation in Plaintiff's complaint.

## *Defenses*

61. The complaint fails to state a claim upon which relief may be granted.

62. Without admitting any violation, if any violation of the Fair Debt Collection Practices Act occurred, it was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

63. Plaintiff failed to mitigate any damages which are alleged to have been suffered.

64. Plaintiff sustained no cognizable injury or damages.

65. At all pertinent times, CPI Defendants acted in good faith reliance on the information provided by the creditor or original creditor of the account.

66. CPI Defendants acted in good faith at all times.

67. CPI Defendants did not make any false, defamatory or misleading representations concerning Plaintiff.

68. Plaintiff is barred by waiver and/or estoppel regarding the defamation claim and the invasion of privacy claim.

69. In the alternative, the defamation claim is barred by the conditionally qualified privilege and an absence of malice.

70. CPI Defendants' actions were not injurious to the public, were motivated by legitimate business concerns and were reasonable in relation to the development and preservation of its business interests.

71. In the event that it is determined that any claimed injury of the Plaintiff is found to be attributable to the alleged negligence, breach or other fault of the CPI Defendants, such fault must be compared and apportioned with the negligence or other fault of the Plaintiff and third parties and the CPI Defendants are entitled to a declaration apportioning the liability, if any, with respect to the Plaintiff herein and with respect to the fault of third parties, and the liability, if any, of the CPI Defendants should be reduced or barred under such apportionment.

72. CPI Defendants deny that Plaintiff was injured or damaged as alleged in the Complaint.

73. CPI Defendants deny that Plaintiff received any injuries or damages as a proximate result of the actions of the CPI Defendants.

74. Punitive damages may not be awarded under the facts and circumstances of this case. In the event the punitive damage claim remains in the case, punitive damages against CPI Defendants cannot be awarded without bifurcating the trial and trying all punitive damages issues only after the trial on the merits has concluded and liability has been assessed against the CPI Defendants.

75. With respect to the demand for punitive damages, CPI Defendants have protections under the state and federal constitutions and they are entitled to standards for the trial of punitive damages in reliance on *BMW of North America v. Gore*, 116 U.S. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001) and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 535 U.S. 1111 (2002), and other applicable precedents available at the time of trial regarding the determination of any punitive damages award.

76. The doctrine of joint and several liability has been abrogated in Wyoming.

77. This case arises out of the solicitation of Basin Law Group, LLC, and, therefore, an award of attorney fees to the Plaintiff should be barred.

78. To the extent Plaintiff claims relief as a result of credit reporting, those claims are barred by 15 USC § 1681h(e).

79. CPI Defendants are entitled to an award of attorney fees and costs pursuant to 15 USC §1692(k) because this action was brought in bad faith and for the purpose of harassment.

80. Defendants Bradley G. Taylor, Dennis R. Lawrence and Linda Lindstrom are entitled to an award of attorney fees and costs from Plaintiff for defending Plaintiff's claims under the FDCPA because the actions against them were frivolous and filed in bad faith.

81. CPI Defendants are entitled to an award of attorney fees and costs from Plaintiff for defending Count 6, "Violation of Chapter 4, Section 6 of the 'Rules & Regulations of the Collection Agency Board,'" because there is no private right of action such that the action is frivolous and filed in bad faith.

82. CPI Defendants are entitled to an award of attorney fees and costs from Plaintiff for defending Count 7, "Negligence," because there is no private right of action for the federal and state law the Plaintiff relies upon such that the action is frivolous and filed in bad faith.

83. CPI Defendants are entitled to an award of attorney fees and costs from Plaintiff for defending Count 8, "Defamation of Character," because Plaintiff's claim of defamation is frivolous and filed in bad faith.

84. CPI Defendants are entitled to an award of attorney fees and costs from Plaintiff for defending Count 9 and Count 10, both of which are identified as "Invasion of Privacy," because Plaintiff's claims of invasion of privacy are frivolous and filed in bad faith.

85. CPI Defendants are entitled to an award of attorney fees and costs from Basin Law Group, LLC, and each of its members individually, pursuant to 28 USC § 1927, because these proceedings have been unreasonably and vexatiously multiplied by their actions.

86.   CPI Defendants reserve the right to delete, amend, supplement or otherwise assert other or additional affirmative defenses as appropriate and to amend this answer as further information becomes known to these Defendants and their counsel.

**WHEREFORE, PREMISES CONSIDERED,** CPI Defendants pray that the Complaint be dismissed, that the Plaintiff take nothing by the complaint, and that these Defendants be awarded their attorney fees and costs for defending this action.

Dated this 3rd day of March, 2011.

/s/ Deborah Ford Mincer
Deborah Ford Mincer
WSB 6-2896
Attorney for CPI Defendants
823 Randall Avenue
P.O. Box 2517
Cheyenne, Wyoming 82003
307/635-3038

## CERTIFICATE OF SERVICE

This is to certify that on March 3, 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Mr. J. Philip Bott
Attorney at Law
210 North Bent Street
Powell, Wyoming 82435
phil@basinlaw.net

Mr. Jeffrey J. Gonda
Attorney at Law
P.O. Drawer 5059
Sheridan, Wyoming 82801-5059
Jeff@Lonabaugh.com

Mr. David Smith
Attorney at Law
P.O. Drawer 5059
Sheridan, Wyoming 82801-5059
David@Lonabaugh.com

/s/ Deborah Ford Mincer
Deborah Ford Mincer