# United States District Court
## For The District of Wyoming

| | | |
|---|---|---|
| STEPHEN C. FOWLER,<br><br>Plaintiff,<br><br>vs.<br><br>COLLECTION PROFESSIONALS, INC., A Wyoming Corporation,<br><br>BRADLEY G. TAYLOR,<br>DENNIS R. LAWRENCE,<br>BRENDA K. NEIHART,<br>NORTHERN WYOMING SURGICAL CENTER,<br>POWELL VALLEY HEALTHCARE DBA POWELL VALLEY HOSPITAL AND/OR POWELL VALLEY CLINIC,<br>BIG HORN BASIN ORTHOPEDIC,<br>DR. LEONARD MOORE, DDS,<br><br>JOHN DOE I through V, as employees of Collection Professionals, Inc.,<br><br>JOHN DOE I through V, as shareholders of Collection Professionals, Inc.,<br><br>JOHN DOE I through V, as officers or Directors of Collection Professionals, Inc.,<br><br>JOHN DOE I through V, as attorneys for Collection Professionals, Inc.,<br><br>Defendants. | ) | Civil No. 11-CV-0073-J |

## ORDER ON INITIAL PRETRIAL CONFERENCE

On March 30, 2011, this matter was brought before the Honorable Scott W. Skavdahl, United States Magistrate Judge for the District of Wyoming for a scheduled initial pretrial conference. Counsel participating were: J. Phillip Bott, with Basin Law Group of Powell, Wyoming, on behalf of Plaintiff; Deborah Ford Mincer of Cheyenne, Wyoming, on behalf of Defendants Collection Professionals, Inc., Bradley G. Taylor, Dennis R. Lawrence, and Brenda K. Neihart; Jeffrey J. Gonda of Sheridan, Wyoming, on behalf of Defendants Powell Valley Heathcare, Northern Wyoming Surgical Center, Big Horn Basin Orthopedic and DDS Leonard Moore.

**Claims and Defenses —**

Plaintiff initiated this action by filing a Complaint in the District Court for the State of Wyoming, Sixth Judicial District Court, County of Campbell on January 25, 2011. Plaintiff filed a Notice of Removal with this Court on February 4, 2011, and it was later Ordered removed by the Honorable Alan B. Johnson.

Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. Plaintiff claims that Defendants filed, or were involved in filing, an unlawful medical lien against Plaintiff's real property. The medical lien states that Plaintiff's "property may not be sold, traded, deeded, willed, or in any way change ownership without payment in full to be made directly to Collection Professionals, Inc." Plaintiff claims this

also violated the rules and regulations of the collections agency board. Additionally, Plaintiff brings claims for negligence, defamation of character, and invasion of privacy for allegedly publicizing confidential information in the medical lien. Plaintiff finally alleges Defendants violated Wyoming Statute § 35–2–606 for disclosing health care information. Plaintiff seeks at least $12,935 from each Defendant.

Defendants generally deny Plaintiff's allegations and filed various affirmative allegations.

**Pending Motion to Stay/Consolidate ––**

Defendants filed a motion to consolidate this case with all the cases filed against Defendant Collection Professionals, Inc. Plaintiff's counsel objects to the motion to consolidate.

Defendants further move to stay discovery in this case until Basin Law Group has filed cases on behalf of all persons they represent and those matters have been removed to Federal Court. Plaintiff's counsel agrees to the motion to stay until he certifies Basin Law Group has filed all of the cases. Therefore, with the exception of the parties' Rule 26 self-executing discovery obligations and disclosures, discovery shall be stayed until all Plaintiffs who will file actions in these cases have done so.

**Self-Executing Routine Discovery —**

The parties shall make self-executing routine discovery exchange as required by U.S.D.C.L.R. 26.1(c). Pursuant to U.S.D.C.L.R. 37.1(d), the Defendants may move to

compel disclosure and for appropriate sanctions if self executing discovery is not provided. Any motion must include a certification that Defendants have, in good faith, conferred or attempted to confer with Plaintiff in an effort to secure the disclosure without court action.

The parties SHALL exchange with each other the names of individuals likely to have discoverable information and a list of exhibits, and SHALL comply with all other requirements of U.S.D.C.L.R. 16.1(a) and 26.1(c) on or before April 11, 2011, absent a stipulated agreement or an Order of this Court for an extension of time. Counsel are encouraged to work together and cooperate to complete self-executing discovery.

**THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a) AND U.S.D.C.L.R. 26.1(c).**

**Joint Status Report — June 6, 2011**

The parties shall file a joint status report with the Court on or before June 6, 2011, as to the following: (1) any and all outstanding cases to be removed from state court to this Court or to be filed; (2) how much additional time is needed to bring for all potential Plaintiffs to file their actions; (3) any recommendations from counsel on the possibility of consolidation of all the cases for discovery and/or trial, naming all the Plaintiffs in a single action, or a class action; (5) any recommendations or suggestions as to how to most efficiently and expeditiously handle these cases for discovery and trial; and (4) any other

issues or concerns or issues the parties may have in this case regarding the procedural handling of these cases for discovery and trial.

**Second Status Conference —**

Upon receipt and review of the parties joint status report the Court will hold a second status conference.

Dated this 1st day of April, 2011.

UNITED STATES MAGISTRATE JUDGE